

**Alan Kidd**
Selective Insurance Company of America
PO Box 7264
London, KY 40742
Phone: 980-279-1675
Fax: 877-233-0917
alan.kidd@selective.com

November 11, 2024

Evergreen Environmental Partners, LLC
4583 Pryor Rd. Masidon, AL. 35756
Grand Prairie, Texas 75052-4102

EXHIBIT 3

| RE: | Policyholder: | Evergreen Environmental Partners, LLC |
|---|---|---|
| | Claim No.: | 22689707 |
| | Policy No.: | MP003100710028200 |
| | Date of Loss: | 11/1/24 |
| | Type of Loss: | Fire |
| | Insurer: | Mesa Underwriters Specialty Insurance Carrier |
| | NAIC #: | 36838 |

Dear Zach Messinger,

I am a General Adjuster employed by Selective Insurance Company of America, which is handling this claim on behalf of your insurance carrier, Mesa Underwriters Specialty Insurance Company (Selective). We value our position as your insurer. We are undertaking a prompt and reasonable investigation of your claim, evaluating its facts and circumstances against your Policy's terms, conditions, and exclusions.

Based on the information we have received to date, we have not been able to determine whether your Policy covers this claim. As our investigation continues, we reserve all rights under your Policy, including the right to disclaim coverage upon our claim investigation's completion.

## WHAT IS A RESERVATION OF RIGHTS?

When our Policy's terms, conditions, and exclusions may not provide coverage based on your claim's facts and circumstances, we must advise you of that possibility – as we now are.

We also must expressly reserve all our available rights while we continue investigating the claim's facts and circumstances and ultimately decide whether coverage exists – as we now do.

This reservation of rights letter provides notice that Selective may deny, restrict, or take other positions or actions that may impact full or partial coverage under your Policy when we complete our claim investigation. We expressly reserve all rights under our Policy, whether specifically referenced in this letter. We do not intend any action or inaction to assert any of our Policy rights to be a waiver of any right, and you should not construe them to be.

## FACTS AND CIRCUMSTANCES OF THIS CLAIM

We received notification of a claim on November 1, 2024, for fire damages that occurred on November 1, 2024, to property located at 4583 Pryor Rd. Madison, AL. 35756. I contacted you on November 1, 2024, to discuss the facts of loss and building ownership. You advised me that sometime in August of 2024, Meridian Waste (Meridian) acquired Evergreen Environmental Partners, LLC (Evergreen). On November 4, 2024, you provided a press release confirming the acquisition by Meridian, effective September 1, 2024. The press release stated that the executed acquisition occurred via stock purchase. Further review of the press release states that the specific assets include the EEP Transfer Sation in the greater Huntsville, AL market. You have also provided "Schedule 4.12" (the Schedule), which includes the "Madison Transfer Station" located at 4583 Pryor Rd. Madison, AL. 35756. The Schedule lists the landlord as "CWI Transfer HSV LLC," and the tenant as "EEP Huntsville Transfer Station, LLC". Based on a public records search of Limestone County, the building owner is listed as CWI Enterprises LLC C/O CWI Transfer

HSV LLC. An additional review of county records for the 2025 tax year lists the ownership as CWI Transfer HSV LLC, EEP Hunstville Transfer Station LLC, and C/O Evergreen Environmental Partners Holdings LLC. Please note that the Policy you purchased lists Evergreen Environmental Partners LLC as the Named Insured.

We have also identified a Protective Safeguard endorsement on your Policy that requires an Automatic Fire Alarm at the loss location. Please provide documentation that the Automatic Fire Alarm system(s) were in place and actively monitored. Service provider invoices are one example of documentation supporting compliance with this requirement.

Based on the documentation obtained through our investigation to date, CWI Enterprises LLC owns the building. If this is incorrect, we will need purchase and sales documents that outline the effective date of the property transfer and to which entity.

*SELECTIVE'S INITIAL COVERAGE POSITION AND RELEVANT POLICY PROVISIONS*

Based on current information, we have been unable to determine coverage. Our Policy contains specific provisions that may affect your coverage that we review now:

We have completed our initial investigation and need to bring to your attention to section **A. Coverage**, under your **BUILDING AND PERSONAL PROPERTY COVERAGE FORM** (CP-0010 10/12) coverage form:

**A. Coverage**

    We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

    **3. Covered Causes Of Loss**

    See the applicable Causes Of Loss Form as shown in the Declarations.

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**4. Loss Payment**

    **d.** We will not pay you more than your financial interest in the Covered Property.

Please further refer to the policy endorsement form, **PROTECTIVE SAFEGUARDS CP 04 11 (10/12)**, which states the following:

    A.    The following is added to the Commercial Property Conditions:

    Protective Safeguards

    1.    As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above.
    2.    The protective safeguards to which this endorsement applies are identified by the following symbols:

    "P-2", the protective system described in the Schedule.

    B.    The following is added to the Exclusions section of:

    Causes Of Loss – Basic Form
    Causes Of Loss – Broad Form
    Causes Of Loss – Special Form
    Mortgageholders Errors And Omissions Coverage Form
    Standard Property Policy

We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:

1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or
2. Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.

SCHEDULE – P-2

"P-2" Automatic Fire Alarm, protecting the entire building, that is:
  a. Connected to a central station; or
  b. Reporting to a public or private fire alarm station.

Your Policy is also subject to the **COMMON POLICY CONDITIONS IL 00 17 (11/98)**, which states the following:
**B. Changes**
This Policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this Policy with our consent. This Policy's terms can be amended or waived only by endorsement issued by us and made a part of this Policy.

**F. Transfer Of Your Rights And Duties Under This Policy**
Your rights and duties under this Policy may not be transferred without our written consent except in the case of death of an individual named insured.

Your Policy is also subject to **COMMERCIAL PROPERTY CONDITIONS CP 00 90 (07/88)**, which states the following:
**G. OTHER INSURANCE**
1. You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits of Insurance of all insurance covering on the same basis.

2. If there is other insurance covering the same loss or damage, other than described in 1. Above, we will pay only fo the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

The terms, conditions, and exclusions listed above may apply based on our initial investigation of your claim. We ask that you please provide the stock purchase agreement, the asset purchase agreement, the fire monitoring service records, invoices, or contract, and any information for Meridian's first-party property insurance.

We are investigating the cause of the fire and must advise you that no advance payment can be made.

Hopefully, this letter clarifies Selective's position regarding your insurance coverage available for this claim. However, if our explanation is unclear, or if you would like to discuss any aspect of this claim, I would be happy to discuss such matters further.

Should you have any questions or need additional information, please contact me at 980-279-1675 or alan.kidd@selective.com.

Sincerely,
*Alan Kidd*
Alan Kidd
General Adjuster – Domiciled in Tennessee