

45 BROADWAY - SUITE 920
NEW YORK, NY 10006
(646) 876-4400 MAIN    (612) 336-9100 FAX

JENNIFER A. HOFFMAN
jhoffman@zellelaw.com
(646) 876-4413

March 4, 2025

**VIA ELECTRONIC AND CERTIFIED MAIL**

Brunini
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201

Attention: L. Kyle Williams

      Re:    Evergreen Environmental Partners, LLC
               Claim No. 22689707

Dear Mr. Williams,

      Our firm represents Mesa Underwriters Specialty Insurance Company ("MUSIC") regarding Evergreen Environmental Partners, LLC's ("Evergreen") claim for damages arising out of a fire that occurred to its property at 4583 Pryor Road in Madison, Alabama on November 1, 2024. We write on MUSIC's behalf in response to your February 21, 2025 letter.

      MUSIC disagrees with Evergreen's position that the Protective Safeguards Endorsement is ambiguous. The Protective Safeguards Endorsement requires that for there to be coverage under the Policy, Evergreen must maintain an automatic fire alarm at the property, which is either connected to a central station or reporting to a public or private fire alarm station. When words of an insurance policy are clear and unambiguous, they will be enforced as written. Evergreen did not comply with this condition, and therefore the Policy does not provide coverage for the fire.

      MUSIC also disagrees that it somehow waived its right to deny coverage based on the Protective Safeguards Endorsement. As a threshold matter, coverage is not created by waiver or estoppel. Addressing the argument asserted in the February 21, 2025 letter, Evergreen argues that blanks on the application form for the "fire alarm manufacturer" put MUSIC on notice that Evergreen did not have such equipment in the first instance. MUSIC disagrees, and MUSIC made the presence of such equipment a condition to coverage for this Policy. Evergreen has the responsibility to read and know the terms and conditions of its Policy. *See Crook v. Allstate Indem. Co.*, 314 So.3d 1188 (Ala. 2020).

EXHIBIT 6

| | |
|---|---:|
| To:  L. Kyle Williams | Page 2 |
| Re: Evergreen Environmtental Partners, LLC | |
| Date:  March 4, 2025 | |

Regarding inspections, MUSIC draws your attention to the following Policy language about MUSIC's right to conduct inspections for its own purposes:

> **COMMON POLICY CONDITIONS**
>
> All Coverage Parts included in this policy are subject to the following conditions.
>
> * * *
>
> **D. Inspections And Surveys**
>
> **1.** We have the right to:
>
> **a.** Make inspections and surveys at any time;
> **b.** Give you reports on the conditions we find; and
> **c.** Recommend changes.
>
> **2.** We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:
>
> **a.** Are safe or healthful; or
> **b.** Comply with laws, regulations, codes or standards.

* * *

The above wording makes clear that MUSIC is not obligated to make inspections, surveys, reports or recommendations. And to the extent MUSIC makes an inspection, it relates only to insurability and premiums. MUSIC is not tasked with policing its insured's compliance with Policy terms and conditions. MUSIC understands that an inspection of Evergreen's property was not conducted. However, to the extent that any inspection was conducted or billed to Evergreen, it would have been arranged by DGA Insurance Services LLC, and we suggest you contact them directly to confirm whether an inspection was performed.

For the foregoing reasons, MUSIC maintains its coverage determination and disputes any allegation that it has acted fraudulently, negligently, or in bad faith. Please note that nothing in this letter shall constitute a waiver or admission of any obligation under the Policy, nor shall any conduct of MUSIC or its agents, attorneys or employees be construed as a waiver or surrender of the terms, limitations, exclusions, conditions, or agreements of the Policy. All rights remain reserved.

To:  L. Kyle Williams  Page 3
Re: Evergreen Environmtental Partners, LLC
Date:  March 4, 2025

If you have any questions or additional information, please do not hesitate to contact us.

Very truly yours,

Jennifer A. Hoffman, Esq.
ZELLE, LLP

cc. Alabama Department of Insurance

ATLANTA | BOSTON | DALLAS | LONDON | MIAMI | MINNEAPOLIS
NEW YORK | OAKLAND | PHILADELPHIA | WASHINGTON, DC
Zellelaw.com

4920-9493-7379v1